IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IMA DIANE SCONIERS,           )
                                )
       Plaintiff,           )
                                )
v.                          )        CASE NO. 1:10-CV-330-MEF
                                )        (WO-Do Not Publish)
WAL-MART STORES, INC., et al,    )
                                )
       Defendant.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ima Diane Sconiers ("Sconiers") brings this action against Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly named in the complaint as "Wal-Mart Stores, Inc.", alleging premises liability resulting from negligent and wanton conduct.  This cause is before the Court on the Defendant's Motion for Summary Judgment, (Doc. #24), filed on May 9, 2011.  The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be GRANTED.

## JURISDICTION AND VENUE

The Defendant removed this case to this Court from the Circuit Court of Houston County, Alabama.  Subject matter jurisdiction over Sconiers' claim is proper under 28 U.S.C. § 1332.[1]  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

---

[1] Wal-Mart is incorporated in Delaware with its principal place of business in Arkansas. The Plaintiff is a citizen of Alabama.  Plaintiff seeks damages in excess of $75,000 (Doc. #1).

## THE SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "a party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." A court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. The non-moving party

"must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

## FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts:

On April 8, 2008, Sconiers, her mother, and her granddaughter entered the Dothan, Alabama Wal-Mart at approximately 12:00 p.m.  After shopping for five to ten minutes, Sconiers selected a can of baked beans from the shelf and began placing it into her shopping cart when an adjacent can of beans fell to the floor striking her toe.  Sconiers suffered a severe laceration and a broken bone in her foot as a result.

Immediately following the incident in question, a Wal-Mart associate, Laura McDonald, took several photographs of the subject shelves and merchandise.  When shown the photographs and asked to describe flaws in the way the merchandise was stacked, Sconiers testified that the manner in which the shelves were stacked looks "the best I've ever seen at any Wal-Mart."  Yet, Sconiers maintains that the cans were

3

improperly stacked causing the subject can to fall from the shelf.

It is Wal-Mart's policy that all merchandise be stacked in a straight and stable manner. It is the policy at the Dothan Wal-Mart that the merchandise be stacked and stocked on the shelves during the night and that those shelves are to be inspected at 7:00 a.m. and again at 2:00 p.m. During the day, Wal-Mart associates walk the aisles to ensure merchandise is stacked properly.

## DISCUSSION

### I.     The Negligence Claim

Under Alabama law,[2] the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651(Ala. 2002) (citations and quotations omitted). A person who provides commercial or material benefit to the landowner while on the premises is considered an invitee.[3] *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Id*. Thus, a landowner has no duty to warn of open and obvious defects of which the injured party should have been aware.

---

[2]   The substantive law of Alabama governs this lawsuit.

[3]   The three classifications of persons coming onto land are invitees, trespassers, and licensees. *Mountain Top*, 699 So. 2d at 161. It is undisputed that Sconiers was an invitee of Wal-Mart.

4

*Williams v. Bruno's Inc.*, 632 So. 2d 19, 22 (Ala. 1993).  Additionally, the plaintiff must demonstrate actual or constructive notice on the part of the landowner  because the basis of premises liability rests on the landowner's superior knowledge of the hazard.  *Denmark v. Mercantile Stores Co., Inc.*, 844 So. 2d 1189, 1194 (Ala. 2002).

This Court is mindful that under Alabama law, "the storekeeper is not an insurer of the customer's safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition." *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 101 (Ala. 2003) (citing *Ex parte Travis*, 414 So. 2d 956 (Ala. 1982)).  Furthermore, "'[t]here is no presumption of negligence which arises from the mere fact of an injury to an invitee.'"  *Edwards v. Intergraph Serv. Co., Inc.*, 4 So. 3d 495, 503 (Ala. Civ. App. 2008) (quoting *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000)).

Sconiers has provided very limited evidence to support a cause of action for negligence.  To support her claim, Sconiers has stated only that she believes that the cans were negligently stacked and such negligence caused her injuries.  There has been no attempt to establish Wal-Mart's actual or constructive notice of any hidden defect that may have been present at the time of the incident.  Furthermore, in light of Wal-Mart's policy requiring periodic inspection of goods on the shelves, there has been no attempt to show that such practices were unreasonable or insufficient  to avert the harm caused.

It is the opinion of this Court that the movant has satisfied the burden of proof to

establish the absence of a genuine issue of material fact.  In response, Sconiers relies only upon a speculative, subjective belief that negligence has occurred in an attempt to dispute Wal-Mart's arguments in support of its motion.  Such belief is insufficient to establish a genuine issue of material fact and more appropriately lies within the realm of conjecture which will not satisfy the plaintiff's burden to defeat Wal-Mart's motion.  *See Blackston*, 764 F.2d at 1482 (holding that an "inference based on speculation and conjecture" is insufficient to establish a genuine issue of material fact sufficient to survive a motion for summary judgment); *see also Matsushita*, 475 U.S. at 586 (holding that merely raising "some metaphysical doubt as to the material facts" is insufficient to survive a motion for summary judgment).  Accordingly, this Court finds that Wal-Mart is entitled to judgment as a matter of law as to the negligence claim.

## II.    The Wantonness Claim

Under Alabama law, wantonness is defined as "[c]onduct which is carried on with a reckless and conscious disregard for the rights or safety of others."  Ala. Code § 6-11-20(3) (1975).  "Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act."  *See Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145-46 (Ala. 1987).  Applied to the instant case, Sconiers has failed to introduce evidence of actual or constructive notice much less any evidence of  premeditation or knowledge of any risk posed by the can of beans sufficient to support a claim of wanton

6

conduct. It therefore follows that a reasonable jury would be unable to return a verdict for Sconiers on her claim of wanton conduct. Accordingly, Wal-Mart is entitled to judgment as a matter of law as to the wantonness claim.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Summary Judgment, (Doc. # 24), is GRANTED.

The Clerk of the Court is DIRECTED to remove the above-styled case from the trial docket.

The Court will enter a separate final judgment consistent with this Memorandum Opinion and Order.

DONE this the 8th day of July, 2011.

_____
/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE